NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1717
_____

KIA LIVINGSTON,
                                      Appellant

v.

ALWAYS BEST CARE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2:22-cv-02257
District Judge:  The Honorable Nitza I. Quinones Alejandro
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 24, 2025

Before: HARDIMAN, AMBRO, and SMITH, *Circuit Judges*

(Filed: January 29, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*.

Kia Livingston worked as a caregiver for Always Best Care (ABC). After ABC terminated her employment, she sued claiming that ABC violated her rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The District Court granted ABC's motion for summary judgment. Livingston appealed, challenging only the grant of summary judgment on the ADA claim.[1] We will affirm.

As a caregiver at ABC, Livingston attended to clients in their homes. On October 11, 2019, after doing laundry for a client, Livingston finished work and started walking on a personal errand, noticing a pain in her right hip and side. The pain prompted her to seek treatment at a nearby hospital. She received a note at the hospital excusing her from work for two weeks, which she submitted to ABC. Within days, Livingston followed up with her primary care physician who approved her return to work but with the restriction that she not engage in bending or lifting for at least two weeks. ABC sought documentation for its records that Livingston could return to work without restrictions. In addition, it advised Livingston that she needed to obtain a valid purified protein derivative (PPD) test for tuberculosis and

---

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's order granting summary judgment. *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000).

to complete the annual in-service training. Livingston took her current PPD results to ABC and spoke with Gerald Mack in ABC's Human Resources Department about the in-service training. She agreed to attend a training session that was scheduled the following day.

Livingston reported to the required training and saw Mack before the session began. When the training did not start at the time she was expecting it would, Livingston advised the receptionist that she had to leave and wanted to reschedule. She did not inform Mack of her departure nor did she complete the training.

Several days later, Livingston received a letter terminating her employment "due to HR Non-Compliance." SA226. Thereafter, Livingston filed a complaint with the EEOC alleging discrimination based on age and disability. Upon receiving a right to sue letter, she filed a complaint in the District Court for the Eastern District of Pennsylvania asserting ADA and ADEA claims. ABC moved for summary judgment, explaining that Livingston was terminated for failure to complete her required annual training. It noted that Pennsylvania law mandates competency training for caregivers. *See* 28 Pa. Code § 611.55.

Livingston asserted that ABC's proffered reason was implausible because she had previously missed a training and had not sustained any adverse consequences for that absence. In her view, ABC could have easily provided the in-service training at another time. She also flatly rejected the assertion that Pennsylvania law required

in-service caregiver training. The District Court assumed that Livingston had adduced a prima facie case, but granted summary judgment on the basis that she had failed to demonstrate that ABC's stated reason for termination was pretextual. The Court noted that Livingston had been warned, after missing the first in-service training, that she could face termination if she failed to comply with the annual training requirement. And it concluded that ABC's termination of Livingston "after a second infraction that followed a warning of such possible termination after her first infraction cannot reasonably be deemed implausible." A202. The District Court acknowledged that Livingston had also raised a mixed-motives argument, but it rejected that argument as meritless.

Before us, Livingston reiterates the same arguments, asserting that ABC's proffered reason for termination is "implausible." Appellant's Br. 5. The record supports the District Court's view that Livingston's failure to attend the required in-service training was the second time she had missed an annual, state-mandated training, and that on the first such occasion she had been warned that she could be subject to dismissal if she missed another training. As *Fuentes v. Perskie* instructs, to discredit an "employer's proffered reason [for discharge, Livingston] cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." 32 F.3d 759, 765

4

(3d Cir. 1994). Rather, she must "present sufficient evidence to meaningfully throw into question, i.e., to cast substantial doubt upon" ABC's proffered reason for terminating her or "come forward with sufficient evidence from which a factfinder could reasonably conclude that an illegitimate factor more likely than not was a motivating or determinative cause of the adverse employment decision." *Id.* We agree with the District Court that Livingston failed to do so.

As to Livingston's assertion that her ADA claim should have survived summary judgment on a mixed-motives theory, she is wrong. In *Starceski v. Westinghouse Electric Corporation*, we reiterated that a "'mixed-motives' theory of employment discrimination requires 'conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude.'" 54 F.3d 1089, 1096 (3d Cir. 1995) (internal citation omitted). Livingston has not pointed to any such evidence.

For the foregoing reasons, we will affirm the judgment of the District Court.